**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elias J. Tinoco, ) | No. CIV-05-0752-PHX-MHM |
| )  Plaintiff, ) | **ORDER** |
| ) vs. ) | |
| ) Kern International, Inc., ) | |
| )  Defendant. ) | |
| ) | |

This case raises issues regarding the enforceability of a forum selection clause. Currently, before the Court is Defendant's Motion for Judgment on the Pleadings. (Dkt. #3). Having reviewed the motion, the Court enters the following Order.

**I.     Factual and Procedural Background**

On March 10, 2005, Plaintiff filed his Complaint alleging Defendants: (1) subjected him to sexual harassment; (2) terminated his employment in retaliation for his complaints of sexual harassment; and (3) unlawfully discriminated against him based on his national origin in violation of Title VII of the Civil Rights Act. When accepting employment with Defendant, Plaintiff signed the Kern's Employment Agreement, which provided in pertinent part:

> **18.     Choice of Law; Choice of Exclusive Forum; Manner of Service.** This Agreement, and any interpretation or dispute arising from this Agreement or Employee's performance thereunder shall be governed by the laws of the State of Ohio, without regard to its conflict-of-law principles. Employee further agrees that *any judicial action required by Employee or*

> *the Company to enforce any provisions of this Agreement*, or required in connection with any dispute arising from this Agreement, *shall only be brought in federal or state court in the City of Columbus, State of Ohio* . . .

Answer at Ex. A, Dkt. #2 (emphasis added).

## II. Standard of Review

Under Federal Rule of Civil Procedure 12(c), "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. PRO. 12(c) (2005). "Judgment on the pleadings is proper when it is clearly established that there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991). A Rule 12(c) Motion is converted into one for summary judgment if the Court considers "matters outside the pleadings." FED. R. CIV. PRO. 12(c). A document is not "outside the pleadings" if "the complaint specifically refers to the document and if its authenticity is not questioned." Robinson v. Fred Meyers Stores, Inc., 252 F. Supp.2d. 905, 909 n.2 (D. Ariz., 2002) (citing Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994)).

## III. Discussion

Plaintiff does not dispute the applicability of the forum selection clause and instead argues enforcing the clause would deprive Plaintiff of his day in court because he is without financial means to litigate or hire counsel in Ohio, would cause undue hardship because all witnesses and documents are located in Arizona, and Plaintiff did not have equal bargaining power with Defendant when signing the Employment Agreement.

"Federal law governs the validity of a forum selection clause." R.A. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). "A contractual forum selection clause is *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." Docksider, Ltd. v. Sea Technology, Ltd., 875 F.2d 762, 763 (9th Cir. 1989). "Absent some evidence submitted by the party opposing enforcement of the clause to establish fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum so as to deprive that

1 party of a meaningful day in court, the provision should be respected as the expressed intent
2 of the parties." Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 280
3 (9th Cir. 1984).

4     Ninth Circuit case law demonstrates financial hardship alone is insufficient to
5 invalidate a forum selection clause.   In Spradlin v. Lear Siegler Management Services Co.,
6 926 F.2d 865 (9th Cir. 1991), the Ninth Circuit enforced a forum selection clause requiring
7 the plaintiff, a California resident, to litigate his employment dispute in Saudi Arabia under
8 Saudi Arabian law. The financial hardship which the Spradlin Court found inadequate to
9 defeat the forum selection clause is considerably more severe than the potential hardship on
10 Plaintiff.  Furthermore, other than a bald assertion of financial hardship, Plaintiff provides
11 no evidence whatsoever. See, e.g. Weiss v. Columbia Pictures Television Inc., 801 F. Supp.
12 1276, 1279 (S.D.N.Y.1992) (holding that inconvenience or expense of traveling is not an
13 adequate reason to disturb the forum selection clause); Talatala v. Nippon Yusen Kaisha,
14 Corp., 974 F. Supp. 1321, 1325 (D. Haw.1997) (finding plaintiff's claim that he could not
15 afford to litigate in the selected forum unpersuasive and enforcing the forum-selection
16 clause).

17     Secondly, Plaintiff argues, without evidence or specifity, the court should invalidate
18 the forum selection clause because all witnesses and documents are located in Arizona.
19 Taken as true, inconvenience of witnesses does not warrant invalidating a forum selection
20 clause.  See Lien Ho Hsing Steel Enter. Co. v. Weihtag, 738 F.2d 1455, 1462 (9th Cir.1984)
21 (concluding that it was not unreasonable to enforce a forum-selection clause even though the
22 plaintiff would be required to present a marine insurance claim in Rotterdam, six- thousand
23 miles from the witnesses); see also Intermetals Corp. v. Hanover Intern. Aktiengesellschaft
24 Fur Industrieversicherungen, 188 F.Supp.2d 454, 459 (D.N.J.2001) (enforcing Austria
25 forum-selection clause despite fact that witnesses and evidence were located in the United
26 States).

27     Finally, Plaintiff provides no evidence or argument for why the forum selection clause
28 should be invalidated due to unequal baragining power.  Moreover, the fact that the forum

- 3 -

1  selection provision may have been part of a "form" contract does not make such provision
2  *per se* unreasonable.  See <u>Carnival Cruise Lines, Inc. v. Shute</u>, 499 U.S. 585, 593
3  (1991)(upholding "non-negotiated forum-selection clause" that appeared in "form ticket
4  contract").  Based on the foregoing, Plaintiff has failed to bear his "heavy burden" in
5  demonstrating the court should invalidate the forum selection clause. See <u>Jones v. GNC</u>
6  <u>Franchising, Inc.</u>, 211 F.3d 495, 497 (9th Cir.2000).

7  **Accordingly,**

8  **IT IS HEREBY ORDERED** Defendant's Motion for Judgment on the Pleadings is
9  GRANTED. (Dkt. #3).  This matter is dismissed without prejudice.

10  **IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment
11  accordingly.

12  DATED this 29th day of September, 2005.

_____
Mary H. Murgula
United States District Judge